STUART, The JOHN. See Case No. 7,427.

## Case No. 13,557.

### In re STUBBS.

[4 N. B. R. 376 (Quarto, 124).] [1]

District Court, D. Maine. Dec. 20, 1870.

BANKRUPTCY — ASSIGNMENT UNDER STATE INSOLVENT LAW—LIABILITIES OF ASSIGNEE—COSTS AND EXPENSES.

1. Where an assignment by a debtor of all his property to an assignee for the benefit of his creditors under a state law, is avoided by one of his creditors by proceedings under the bankrupt law [of 1867 (14 Stat. 517)], it was held that the assignee under the state law is liable to the assignee subsequently appointed under proceedings in bankruptcy for all the property and proceeds thereof in his hands, and has no right to deduct any compensation for his own services in executing the trust as assignee under such state law.

[Cited in Re Kurth, Case No. 7,948; Hunker v. Bing, 9 Fed. 279.]

2. Also, that the proceedings, had under the state law, were in fraud of the bankrupt act, and the court in bankruptcy cannot allow a party the expenses incurred by him in his attempt to defeat the provisions and operations of the bankrupt law.

[Cited in Re Cohn, Case No. 2,966; Gardner v. Cook, Id. 5,226; Globe Ins. Co. v. Cleveland Ins. Co., Id. 5,486; Platt v. Archer, Id. 11,214.]

I, Charles Hamlin, one of the registers of said court in bankruptcy, do hereby certify that in course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings, and was stated and agreed to by the opposing parties,

[1] [Reprinted by permission.]

to wit: Mr. Sweden S. Patten, who appeared for himself, and Charles P. Stetson, Esq., assignee of said Stubbs in bankruptcy. September 30th, 1870, said bankrupt made an assignment of all his property to Sweden S. Patten, of Bangor, under the provisions of chapter 70 of Revised Statutes of the State of Maine, and said Patten took possession of same, and sold a portion of said property, to wit: goods in store; and collected certain accounts, in all amounting to one hundred and ninety-two dollars and forty-four cents, which amount said Patten now has in his hands. Afterwards, to wit: on the 11th day of October. 1870, on petition of his creditors, said Stubbs was decreed a bankrupt under the law of the United States, and by order of the judge of the United States district court, said Patten was enjoined from making further sale of said goods, etc. Said Patten afterwards delivered all property of said bankrupt's estate in his possession to Charles P. Stetson, Esq., assignee in bankruptcy of the estate of said Stubbs, and said Stetson, assignee as aforesaid, this day demanded of said Patten said one hundred and ninety-two dollars and forty-four cents received by said Patten from sale of goods, and collections from accounts, after he was appointed assignee under the laws of said state, but said Patten refuses to pay said money to said Stetson, and claims that there should be set off and deducted by him certain charges for expenses incurred by him as assignee under said state laws as aforesaid, and for his services, an account of which charges is hereto annexed, viz.:

Estate of Asa N. Stubbs to S. S. Patten, Dr.
1870.

| | | | | |
|---|---|---|---|---|
| Oct. | 4, | To cash paid insurance on stock | $ 13 | 50 |
| " | 8, | To cash paid Lizzie Pond.... | 5 | 00 |
| " | 12, | To cash paid Bangor Democrat for assignee's notice.... | 2 | 00 |
| " | 12, | To cash paid cartman...... | | 25 |
| " | 13, | To cash paid Augusta Stubbs for services in store...... | 2 | 50 |
| " | 13, | To cash paid Asa N. Stubbs, 14 days services........ | 42 | 00 |
| " | 13, | To cash paid A. G. Wakefield, Att'y, for advice. etc., in case in probate court...... | 5 | 00 |
| " | 13, | To cash paid services of myself in taking and extending stock and other services in sale of goods, and in probate court............... | 50 | 00 |
| For expenses in probate court charged in probate court by Judge Godfrey, according to Chap. 70, R. S. of Maine | | | 50 | 00 |
| | | | $170 | 25 |

The question presented for decision is, whether and what, if any, of above charges can be allowed to said Patten? No question is made as to the reasonableness of any of the charges except the last, for expenses in probate court. I was of the opinion that said Patten should pay over to said Stetson, as assignee in bankruptcy, the amounts collected by him, without any deduction claimed by him in his said account. And the said par-

ties requested that the same should be certified to the judge, for his opinion thereon.

FOX, District Judge. The proceedings had, under the state law were in fraud of the bankrupt act, and the court in bankruptcy cannot allow a party the expenses incurred by him in his attempt to defeat the provisions and operation of the bankrupt law.

The decision of the register is approved. Vide Bartlett v. Bramhall, 3 Gray, 257.